UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE LEE QUIGLEY COMPANY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06 C 4871 |
| | ) | |
| METAL POLISHERS UNION, | ) | Judge George M. Marovich |
| LOCAL 8A-28A, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff the Lee Quigley Company, Inc. ("Quigley") filed this action to vacate an arbitration award in an arbitration between Quigley and Metal Polishers, Production and Novelty Workers Union, Local 8A-28A, AFL-CIO, ("Local 8A" or the "Union"). The Union filed a counterclaim for confirmation of the arbitration award. Quigley has filed a motion for summary judgment on its claim, and the Union has filed a motion for judgment on the pleadings on both parties' claims. For the reasons set forth below, the Court denies Quigley's motion for summary judgment and grants the Union's motion for judgment on the pleadings.

**I.    Background**

Before the Court is both a motion for summary judgment and a motion for judgment on the pleadings. Unless otherwise noted, the following facts are undisputed and come from the

pleadings.[1] The pleadings include the complaint, answer and documents attached to the pleadings. Fed.R.Civ.Pro. 7(a) and 10(c).

In 2004, Quigley and the Union signed off on a collective bargaining agreement (the "CBA") that covered the time period of January 1, 2004 through January 31, 2007. Among other things, the collective bargaining agreement provided:

## ARTICLE I
## RECOGNITION OF UNION

\* \* \*

D. The parties will negotiate a Construction Agreement. Until such time the Company agrees to comply with any applicable prevailing wage laws on such sites. The Union will also make every effort to file the maintenance rate with the state and/or county.

\* \* \*

## ARTICLE XXXIII
## GRIEVANCES, DISPUTES, ARBITRATION

\* \* \*

C. Step 3–Mediation and Arbitration: Any and all disputes which may give rise between the Company and the Union as to the meaning, application, performance or operation of this Agreement, or disputed discharges which the parties are unable to adjust through the grievance procedure set forth above shall be submitted for arbitration to the Chicago area office of the

---

[1]The Court notes below where the facts are disputed or come from a source other than the pleadings. Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). It is not enough at the summary judgment stage for either party to *say* a fact is disputed. The Court considers a fact disputed *only* if both parties put forth admissible evidence of his or its version of the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

-2-

> American Arbitration Association (AAA) pursuant to the rules and regulations in force at the time of such arbitration, and the decision of the arbitrator within the scope of his jurisdiction under the Agreement shall be final and conclusive upon the parties hereto. If the dispute is not referred to arbitration within thirty (30) days following the Company's response to step two of the grievance or within 60 calendar days from the date of the incident, or from the date of finding out about such incident, the grievance shall not be arbitral.

(CBA at 1, 22).

In June 2005, Quigley entered a subcontract with Berglund Construction to work on the Dirksen and Kluczynski Federal Buildings. Some of the employees Quigley assigned to work on the project were covered by the CBA. Soon enough, the Union and Quigley disputed the appropriate rate of pay for Union members working on the project. Quigley paid the employees the Federal prevailing wage rate of $19.97 per hour, while the Union thought the members should be paid the Cook County prevailing wage rate of $32.10 per hour. The Union filed a grievance on behalf of its members, and the parties took the dispute to arbitration before Arbitrator Steven Bierig ("Bierig" or the "Arbitrator").

The Arbitrator issued an award requiring Quigley to pay the employees the Cook County prevailing wage rate. The Arbitrator cited Article I of the CBA, which stated, "The parties will negotiate a Construction Agreement. Until such time the Company agrees to comply with any applicable prevailing wage laws of such sites." (Arbitration Award at 14). The Arbitrator noted that, "[i]t is undisputed that the parties have not negotiated a Construction Agreement. Therefore the 'applicable prevailing wage laws on such sites' applies." (Arbitration Award at 15). The Arbitrator further explained:

> The Collective Bargaining Agreement is ambiguous in that it does not specifically define which prevailing wage is to be used under circumstances such as those of the instant case. The Collective Bargaining Agreement indicates that the Company shall pay 'applicable prevailing wage laws on such sites". However, that language does not specify the prevailing rate that expressly applies in any particular case. Therefore, because the language of the Collective

> Bargaining Agreement is ambiguous, I am allowed to look outside its four corners to determine its meaning. I note that the two most common tools relied upon to interpret collective bargaining agreements are bargaining history and past practice. In the instant case, no significant bargaining history was presented. Regarding past practice, a limited amount of testimony was presented regarding one minor short-lived prior project at O'Hare International Airport. Such evidence is not sufficiently significant to rise to the level of a bona fide practice that is binding on the parties. *See Celanese Corp. of America*, 24 LA 168, 172 (Justin, 1954).
>
> Due to the lack of bargaining history and past practice, I must rely on alternative tools for interpretation of the Collective Bargaining Agreement in this case. I have reviewed the language of the Service Contract Act and find that the Service Contract Act specifically excludes from its purview, "construction, alteration or repair of public buildings or public works, including painting and decoration." Because the nature of the Project in the instant case is construction, the wage rates set forth in the Service Contract Act cannot apply to the instant case.

(Arbitration Award at 15-16). Finally, the Arbitrator concluded that because "the Federal Prevailing Wage as set forth in the Service Contract Act does not apply to the instant case, I find that the prevailing wage relevant to the Federal Building Project in Chicago, Illinois is the Cook County Prevailing Wage as set forth by the Illinois Department of Labor." (Arbitration Award at 17-18).

In addition to the above facts, the facts in this paragraph are undisputed but are not found within the pleadings. The day before the arbitration hearing, Quigley received a letter from Berglund Construction. The letter states, among other things, that the project was "a Federal Prevailing wage project" and that "[a]ll subcontractors and even Berglund's self performed [sic] employees are currently following the Federal Standards." Quigley attempted to admit the letter into evidence at the arbitration, but the Arbitrator refused to admit it into evidence for reasons that are not made clear in the record.

Quigley filed in the Circuit Court of Cook County a petition to vacate the arbitration award. The defendant removed the case to this Court, and the parties have filed dispositive motions.

## II. Applicable standards

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

In considering a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a court applies the same standard it would apply if considering a motion to dismiss pursuant to Rule 12(b)(6). *Hentosh v. Herman M. Finch Univ. of Health Sciences/The Chi. Med. School*, 167 F.3d 1170, 1173 n. 2 (7th Cir. 1999). A court grants a motion for judgment on the pleadings only if "it appears beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The moving party must

establish that there are no material issues of fact and that it is entitled to judgment as a matter of law. *Northern Indiana*, 163 F. 3d at 452.

### III.     Discussion

Pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the Court has jurisdiction to review arbitration awards under collective bargaining agreements. *See Dexter Axle Co. v. International Assoc. of Machinists & Aerospace Workers, Dist. 90, Lodge 1315*, 418 F.3d 762, 765 (7th Cir. 2005). The federal common law of collective bargaining agreements applies. *See Dexter*, 418 F.3d at 766 n. 1; *Smart v. International Brd. of Elect. Workers, Local 702*, 315 F.3d 721, 724 (7th Cir. 2003).

Such judicial review of arbitration awards under collective bargaining agreements is "extremely limited." *Dexter*, 418 F.3d at 765. Labor arbitration is not merely the first step in protracted federal-court litigation. *See Butler Mfg. v. United Steelworkers of America, AFL-CIO-CLC*, 336 F.3d 629, 632 (7th Cir. 2003). Rather, it is a process designed for speed and to avoid the cost of litigation; hence, the limited review. The Seventh Circuit has explained:

> If a gaffe authorized a court to set aside the award, there would be little difference between arbitration and litigation other than the extra cost and delay of presenting the case to the arbitrator before taking it to court. That would turn arbitration on its head; the process is designed to achieve speed, lower cots, and expertise. That can be accomplished only if courts enforce intellectually honest arbitral decisions, even if the court thinks the arbitrator's decision is mistaken.

*International Union of Operating Engineers, Local 139, AFL-CIO v. J.H. Findorff & Son, Inc.*, 393 F.3d 742, 745 (7th Cir. 2004). Thus, it is not the Court's job "to decide if an arbitrator erred in interpreting a labor contract, even if the error was significant. Instead, we will only determine if the arbitrator did indeed interpret the contract." *CUNA Mutual Ins. Co. v. Office and Professional Employees Int'l Union, Local 39*, 443 F.3d 556, 562 (7th Cir. 2006).

In an attempt to have the arbitration award vacated, Quigley makes two arguments. First, it contends that the Arbitrator went beyond the collective bargaining agreement and dispensed his own brand of industrial justice. Second, Quigley argues that the Arbitrator erred in refusing to admit certain evidence.

The Court rejects Quigley's first argument. A review of the Arbitrator's decision makes it clear that he interpreted the collective bargaining agreement (whether or not the Court agrees with the interpretation). The Arbitrator first looked to the relevant CBA language from Article I, which stated, "The parties will negotiate a Construction Agreement. Until such time the Company agrees to comply with any applicable prevailing wage laws of such sites." (Arbitration Award at 14). The Arbitrator noted that the parties agreed that they had not entered a Construction Agreement such that the issue became determining whether Quigley complied "with any applicable prevailing wage laws." The Arbitrator went on to note that the collective bargaining agreement had not defined applicable "prevailing wage laws" and that he had to determine what the those words meant. To do so, the Arbitrator looked to the statute that sets out the federal prevailing wage rate (presumably to determine whether or not it was an "applicable" prevailing wage rate) and concluded (based on the terms of the statute) that the federal prevailing wage rate did not, by its terms, apply. (The Court is not sure how else one determines whether a prevailing wage rate law is applicable other than by reading said law.) Finally, he concluded that the Cook County prevailing wage rate was the only one that could apply. Whether the Court would have followed the same analysis or reached the same conclusion is not the issue. The issue is whether the Arbitrator *interpreted* the collective

bargaining agreement. The Court concludes that, as a matter of law, the undisputed facts in the pleadings show the Arbitrator interpreted the CBA.

Next, Quigley argues that the Arbitrator erred in not admitting into evidence a letter Quigley attempted to admit. Specifically, Quigley attempted to admit a letter it had received from the contractor, which letter stated, among other things, that the project was "a Federal Prevailing wage project" and that "[a]ll subcontractors and even Berglund's self performed [sic] employees are currently following the Federal Standards." It is unclear why the Arbitrator excluded the letter. Under the Federal Arbitration Act, an award can be vacated if the arbitrator is "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3).[2] Not every failure to receive evidence, however, constitutes misconduct. *Flender Corp. v. Techna-Quip Co.*, 953 F.2d 273, 280 (7th Cir. 1992). Rather, an arbitration award is vacated only if the arbitrator's evidentiary decisions prevent a party from receiving a fair hearing. *Id.* at 281. In this case, Quigley has not put forth evidence that the evidentiary ruling was misconduct or prevented Quigley from having a fair hearing. Quigley did not even put forth evidence as to the reason the Arbitrator gave for not admitting the letter into evidence. The fact that the letter is inadmissible hearsay under Federal Rules of Evidence 801 and 802 is enough to convince the Court that the Arbitrator's evidentiary ruling was not misconduct and did not subject Quigley to an unfair hearing.

---

[2]The Federal Arbitration Act ("FAA") applies to arbitration awards under collective bargaining agreements unless the FAA conflicts with § 301, in which case the Court resolves the dispute in favor of the labor law. *Smart v. International Brd. of Elect. Workers, Local 702*, 315 F.3d 721, 724-725 (7th Cir. 2003); *Prynor v. Tractor Supply Co.*, 109 F.3d 354, 357-358 (7th Cir. 1997).

Quigley is not entitled to summary judgment because he has failed to show that the award should be vacated as a matter of law. Accordingly, the Court denies Quigley's motion for summary judgment.

The Court next considers the Union's motion for judgment on the pleadings. The undisputed evidence in the pleadings shows that the Union is entitled to judgment as a matter of law. Because, as the Court explained above, the Arbitrator interpreted the contract and did not dispense his own brand of industrial justice, the Court is not at liberty to vacate the award. Accordingly, the Court grants the Union's motion for judgment on the pleadings and confirms the award.

## IV. Conclusion

For the reasons set forth above, the Court denies plaintiff the Lee Quigley Company, Inc.'s motion for summary judgment. The Court grants defendant Metal Polishers Union, Local 8A-28A's motion for judgment on the pleadings and confirms the arbitration award.

ENTER:

George M. Marovich
United States District Judge

DATED: May 29, 2007